United States District Court
Southern District of Texas
**ENTERED**
November 16, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DAVID SEGHERS, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:16-CV-0244 |
| | § | |
| HILTI, INC., | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

This case is before the Court on Defendant Hilti, Inc.'s ("Defendant" or "Hilti") "Motion to Dismiss Plaintiff's ADA and TCHRA Claims" [Doc. # 18] ("Motion"). Defendant seeks to dismiss Plaintiff David Seghers' ("Plaintiff" or "Seghers") claims under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*, and Texas Commission on Human Rights Act ("TCHRA"), Tex. Lab. Code § 21.001 *et seq.* Plaintiff filed a Response [Doc. # 19], to which Defendant filed a Reply [Doc. # 20]. The Motion is now ripe for determination. Having carefully considered the parties' briefing, all matters of record, and the applicable legal authorities, the Court **grants in part** and **denies in part** Defendant's Motion.

### I. BACKGROUND

#### A. Factual Background

Plaintiff's First Amended Complaint (the "Amended Complaint") [Doc. # 16] alleges that Hilti violated the ADA and the TCHRA by denying him his rights under those Acts, discriminating and retaliating against him, and, ultimately, by terminating Plaintiff's employment. Plaintiff also alleges Hilti violated the Family Leave Medical Act (the "FMLA"), 29 U.S.C. § 2611, *et seq.* The FMLA claims are not the subject of Defendant's Motion.

Plaintiff alleges the following facts in the Amended Complaint.[1] In May 2011, Seghers became an account manager for Hilti, an Oklahoma corporation in the business of selling heavy-duty tools and accessories in the commercial construction sector. *Id.* at 2 ¶ 8, 3 ¶ 11. Seghers' responsibilities included fostering business relationships with existing and potential clients. *Id.* at 3 ¶ 11. Three years into his employment, Seghers faced professional and personal challenges. On approximately January 13, 2014, Hilti's Human Resources department ("HR Department") contacted Seghers regarding alleged irregularities in his November 2013 expense report. *Id.* at 3 ¶ 13. Additionally, Seghers

---

[1] For the purposes of a motion to dismiss, the Court takes as true the factual allegations pleaded in Plaintiff's First Amended Complaint [Doc. # 16] ("Amended Complaint"). *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 556 (2007).

2

suffered two health ailments, one of which allegedly was work-related, and one which was not. *Id.* at 3 ¶¶ 12, 16.

On January 22, 2014, Seghers sent Hilti's Human Resources department ("HR Department") two separate notes regarding disability accommodation (together, the "disability requests"). *Id.* at 3 ¶ 16. When sending the disability requests to the HR Department, Seghers also requested FMLA paperwork in connection with his medical leave. *Id.* Seghers received no response from the HR Department. *Id.* at 4 ¶ 17.

Seghers emailed the HR Department on January 28, 2014, to inquire about his requests. *Id.* Shortly thereafter, the HR Department notified Seghers that, effective January 16, 2014, his employment was terminated. *Id.* at 4 ¶ 18. Seghers challenged the retroactive termination. *Id.* at 4 ¶ 19. In response, the HR Department reissued the notice, identifying January 28, 2014, as the effective date of termination. *Id.*

### B. Procedural History

Seghers filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Texas Workforce Commission Civil Rights Division ("TWC") on July 24, 2014, which was within 180 days of one of

3

the acts of which he complains, termination of his employment.[2]  Exh. 1 to Defendant's Motion, Charge of Discrimination [Doc. # 18-2] ("Charge of Discrimination").  One and a half years later, on January 27, 2016, Seghers filed this case with the Court, asserting causes of action under the FMLA.  Complaint [Doc. # 1].  Seghers amended the complaint on August 31, 2016, asserting additional causes of action under the ADA and the TCHRA.  *See* Amended Complaint [Doc. # 16].  The EEOC issued Seghers a notice of right to sue (a "Notice") on September 12, 2016.  Exh. A to Plaintiff's Response, EEOC Notice of Right to Sue [Doc. # 19-1].

Seghers now asserts claims for interference and retaliation under the FMLA (Count I), and disability discrimination (Count II), failure to accommodate (Count III), and disability retaliation (Count IV) under the ADA and TCHRA.  Hilti seeks to dismiss all of Seghers' ADA and TCHRA claims.

---

[2]  The EEOC and the TWC require a complainant file a charge of discrimination within 180 days of the date of the alleged discrimination.  42 U.S.C.A. § 2000e–5; TEX. LAB. CODE § 21.202.  With respect to the EEOC, that time period is extended to 300 days if the person aggrieved has initially instituted proceedings with an authorized state or local agency.  42 U.S.C. § 2000e-5(e)(1).  Filing a complaint with the EEOC generally satisfies the requirement to file a complaint with the TCHRA, and vice versa, if, as here, the complainant indicates he is dual-filing.  *See Cisneros v. DAKM, Inc.*, Civil Action No. 7:13–CV–556, 2014 WL 258755, at *2 (S.D. Tex. Jan. 23, 2014); *Howe v. Yellowbook, USA*, 840 F. Supp. 2d 970, 978 (N.D. Tex. 2011).

## II.     LEGAL STANDARD

### A.     Rule 12(b)(6) – Failure to State a Claim

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is viewed with disfavor and is rarely granted. *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (citing *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009)).  The complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true. *Harrington*, 563 F.3d at 147.  The complaint must, however, contain sufficient factual allegations, as opposed to legal conclusions, to state a claim for relief that is "plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Patrick v. Wal-Mart, Inc.*, 681 F.3d 614, 617 (5th Cir. 2012).  When there are well-pleaded factual allegations, a court should presume they are true, even if doubtful, and then determine whether they plausibly give rise to an entitlement to relief. *Iqbal*, 556 U.S. at 679.  Additionally, regardless of how well-pleaded the factual allegations may be, they must demonstrate that the plaintiff is entitled to relief under a valid legal theory. *See McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997).

The court's review on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is limited typically to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint. *Lone Star Fund V (U.S.), L.P. v.*

5

*Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000)). On a Rule 12(b)(6) motion, documents attached to the briefing may be considered by the Court if the documents are sufficiently referenced in the complaint and no party questions their authenticity. *Walch v. Adjutant General's Dep't of Tex.*, 533 F.3d 289, 294 (5th Cir. 2008) (citing 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1357 (3d ed. 2004))); *see In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007).

    **B.    Rule 12(b)(1) – Lack of Subject Matter Jurisdiction**

"A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Smith v. Regional Transit Auth.*, 756 F.3d 340, 347 (5th Cir. 2014) (quoting *Krim v. pcOrder.com, Inc.*, 402 F.3d 489, 494 (5th Cir. 2005)). "In considering a challenge to subject matter jurisdiction, the district court is 'free to weigh the evidence and resolve factual disputes in order to satisfy itself that it has the power to hear the case.'" *Id.* When the court's subject matter jurisdiction is challenged, the party asserting jurisdiction bears the burden of establishing it. *See Alabama-Coushatta Tribe of Tex. v. U.S.*, 757 F.3d 484, 487 (5th Cir. 2014); *Gilbert v. Donahoe*, 751 F.3d 303, 307 (5th Cir. 2014).

6

A motion to dismiss for lack of subject matter jurisdiction should be granted if it appears certain that the plaintiff cannot prove a plausible set of facts that establish subject matter jurisdiction. *Venable v. La. Workers' Comp. Corp.*, 740 F.3d 937, 941 (5th Cir. 2013). "[U]nder Rule 12(b)(1), the court may find a plausible set of facts by considering any of the following: (1) the complaint alone; (2) the complaint supplemented by the undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *In re Mirant Corp*, 675 F.3d 530, 533 (5th Cir. 2012) (quoting *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008)). The Court must "take the well-pled factual allegations of the complaint as true and view them in the light most favorable to the plaintiff." *Id.*

### III. <u>ANALYSIS</u>

Hilti argues that Seghers' claims under the ADA and the TCHRA are, respectively, procedurally defective and time-barred, and moves to dismiss these claims.

#### A. **Effect of Lack of a Notice on the ADA Claims**

Hilti urges the Court to dismiss Seghers' claims under the ADA, contending that Seghers failed to exhaust his administrative remedies because he filed suit

before receiving a Notice from the EEOC.[3] Seghers admits he received a Notice on September 12, 2016—almost nine months after commencing this suit—but argues that the filing defect is subject to equitable modification and is cured by subsequent receipt of the Notice.[4]

"Employment discrimination plaintiffs must exhaust administrative remedies before pursuing claims in federal court." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378-79 (5th Cir. 2002). The ADA incorporates by reference procedures applicable to actions under Title VII, 42 U.S.C. § 2000e, *et seq.*, including its exhaustion requirements. *See* 42 U.S.C. § 12117(a); *Lee v. Columbia/HCA of New Orleans, Inc.*, No. 611 F. App'x 810, 811 (5th Cir. May 20, 2015). Accordingly, "[e]xhaustion occurs when the plaintiff files a timely charge with the EEOC and receives a statutory notice of right to sue." *Taylor*, 296 F.3d 376, 379 (5th Cir. 2002) (citing *Dao v. Auchan Hypermarket*, 96 F.3d 787, 788-89 (5th Cir. 1996)).[5] The plaintiff must bring suit within ninety days of receiving an EEOC notice of right to sue. 42 U.S.C. § 2000e–5(f)(1).

---

[3] *See* Motion [Doc. # 18], at 3-4.

[4] *See* Plaintiff's Response to Defendant's Motion [Doc. # 19] ("Plaintiff's Response"), at 2-3.

[5] The parties do not dispute that Seghers met the first exhaustion requirement by timely filing his Charge of Discrimination with the EEOC and the TWC on July 24, 2014. *See* Charge of Discrimination [Doc. # 18-2]; note 2, *supra*.

The Fifth Circuit has held in regard to Title VII claims that "the receipt of a right-to-sue letter is a condition precedent, which on proper occasion may be equitably modified." *Pinkard v. Pullman-Standard, a Div. of Pullman, Inc.*, 678 F.2d 1211, 1218-19 (5th Cir. 1982) ("[T]he receipt of a right-to-sue letter subsequent to the commencement of a Title VII action, but while the action remains pending, satisfies the precondition that a plaintiff obtain statutory notice of the right to sue before filing a civil action under Title VII"). By analogy, this rule applies to ADA claims. *See Lee*, 611 F. App'x at 811.

Hilti's arguments for dismissal hinge on the lack of a Notice prior to Seghers' addition of the ADA claims in the Amended Complaint. Hilti first argues that the Amended Complaint is deficient because Seghers did not plead a key fact, namely, prior issuance of a Notice on the ADA claims. This argument is unavailing. As Hilti is aware, Segher received a Notice on September 12, 2016. Hilti's pleading deficiency argument that the Amended Complaint lacks "sufficient factual matter" to state a claim under the ADA is without substance. Seghers will be given leave to amend his complaint to add the omitted fact.

Hilti also appears to contend that, because no Notice had been issued when the ADA claims were first pleaded, the Court lacks subject matter jurisdiction over

9

those claims.[6] Again, the Court is unpersuaded. The EEOC issued its Notice while Seghers' action was pending. Though Seghers admittedly filed his ADA claims prematurely, the Court concludes, in its discretion and in the interests of justice, that the subsequently issued Notice cures the defect that existed when Seghers initially asserted these claims. *See Pinkard*, 678 F.2d at 1218-19; *Ibrahim v. City of Houston, Tex.*, Civil Action No. H-07-4329, 2008 WL 2962887, at *4 (S.D. Tex. July 29, 2008) (denying motion to dismiss Title VII claim in part because plaintiff's subsequent receipt of notice of right to sue cured the procedural defect that existed at time of filing). The weight of Fifth Circuit authority is that receipt of a notice of right to sue is a condition precedent, not a jurisdictional prerequisite to suit on that claim. *Pinkard*, 678 F.2d at 1218–19 (concluding that receipt of a notice of right to sue is a condition precedent); *Julian v. City of Houston, Tex.*, 314 F.3d 721, 725 n.3 (2002) ("Our Title VII cases hold that 'receipt of a right-to-sue letter is not jurisdictional but a condition precedent subject to equitable modification.'") (quoting *McKee v. McDonnell Douglas Technical Servs. Co.,* 705 F.2d 776, 777 n.2 (5th Cir. 1983)); *see Gorman*, 753 F.3d at 170 (noting receipt of a right-to-sue letter is not jurisdictional (quoting

---

[6] Motion [Doc. # 18], at 4.

*Pinkard*, 678 F.2d at 1215)).[7] The Court accordingly adopts that rule. There is no jurisdictional bar to Seghers' ADA claims.

Even if the Court were to conclude that the requirement of issuance of a Notice prior to assertion of an ADA claim was jurisdictional, a conclusion the Court does not adopt, the Court clearly has federal question jurisdiction over this case, which began solely with FMLA claims. Those original claims suffered from no jurisdictional deficiency. *See generally* 28 U.S.C. § 1331. While addition of the ADA claims was premature from an administrative exhaustion standpoint, a Notice has been issued and any technical issue may be cured by dismissal of the

---

[7] There is contrary authority. *See Tolbert v. U.S.*, 916 F.2d 245, 247 (5th Cir. 1990) ("[I]t is the well-settled law of this circuit that each [Title VII] requirement is a prerequisite to federal subject matter jurisdiction."); *see also Filer v. Donley*, 690 F.3d 643, 648 (5th Cir. 2012) ("The court correctly held that it lacked jurisdiction to consider the other [Title VII] allegations as to which [the plaintiff] failed to exhaust his administrative remedies."); *Pacheco v. Mineta*, 448 F.3d 783, 788 n.7 (5th Cir. 2006) (acknowledging, in the context of an inquiry into whether a disparate-impact claim under Title VII by a federal employee was exhausted by the complainant's administrative charge, that there is disagreement within this circuit regarding whether exhaustion generally is a condition precedent or a jurisdictional issue).

This authority is not binding. One appellate panel may not overrule a decision, right or wrong, of a prior panel, absent *en banc* reconsideration or a superseding contrary decision of the Supreme Court. When faced with conflicting panel opinions, the earlier opinion controls. *See, e.g., United States v. Dial,* 542 F.3d 1059, 1060 (5th Cir. 2008) ("our rule of orderliness directs that 'one panel of this court cannot overrule the decision of another panel.'") (citing *Lowrey v. Tex. A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997)); *Rios v. City of Del Rio, Tex.*, 444 F.3d 417, 425 n.8 (5th Cir. 2006); *Barrientes v. Johnson*, 221 F.3d 741, 780 n.30 (5th Cir. 2000). Here, the earliest decision is *Pinkard* and the Court adopts its governing and persuasive reasoning.

11

claims and refiling them within ninety days of the Notice. As this period has not expired, the Court declines to require such wasteful and unnecessarily formalistic steps.

Accordingly, the motion to dismiss Plaintiff's ADA claims under either Federal Rule of Civil Procedure 12(b)(1) or 12(b)(6) is **denied**.

### B. TCHRA Claims – Statute of Limitations

"A statute of limitations may support dismissal under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred." *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003). The TCHRA creates a two-year statute of limitations from the date the complainant files his administrative charge with the TWC. Tex. Lab. Code § 21.256. Under the TCHRA, "[w]hether she receives a [TWC notice of right to sue] or not, the complainant must institute her state suit within two years of filing the administrative complaint." *Vielma v. Eureka*, 218 F.3d 458, 463 (5th Cir. 2000); *see also Howe v. Yellowbook, USA*, 840 F. Supp. 2d 970, 978 (N.D. Tex. 2011); *Woods v. Communities in Sch. Se. Tex.*, No. 09–14–00021–CV, 2015 WL 2414260, at *1 (Tex. App.-Beaumont May 21, 2015). This is a fundamental distinction between the federal system and the state system. *See Vielma*, 218 F.3d at 463 ("the principal differences between the [state and federal] systems are that in the federal system mailing the 'right to sue' letter is mandatory and that receipt of the right to sue letter is generally necessary before filing federal

suit.").[8]  The two-year limitations period is mandatory, though not jurisdictional. *Gorman*, 753 F.3d at 169 (citing *In re United Services Auto. Ass'n,* 307 S.W.3d 299, 311 (Tex. 2010)).

Hilti contends the TCHRA claims are time-barred under the two-year limitations period in Texas Labor Code § 21.256.  Seghers filed his EEOC Charge of Discrimination, which constituted a contemporaneous filing of a charge with the TWC,[9] on July 24, 2014.  Seghers did not assert his TCHRA causes of action in this lawsuit until August 31, 2016, more than two years after filing his Charge of Discrimination.  Seghers' TCHRA claims are therefore time-barred.  Seghers does not respond to this argument and thus he implicitly acknowledges this fact.  *See* Loc. R. S.D. Tex. 7.4.[10]  Hilti's motion to dismiss Plaintiff's TCHRA claims pursuant to Federal Rule of Civil Procedure 12(b)(6) is **granted**.

## IV. CONCLUSION AND ORDER

For the foregoing reasons, Defendant's Motion to Dismiss Plaintiff's ADA

---

[8] The ADA requires a complainant file suit after, and within ninety days of, receiving an EEOC notice of right to sue.  42 U.S.C. ¶ 2000e-5(f)(1).

[9] Filing a complaint with the EEOC generally satisfies the requirement to file a complaint with the TWC.  *See* note 2, *supra.*

[10] Failure to respond to a motion is taken as a representation of no opposition to the relief sought.  S.D. Tex. Loc. R. 7.4.  Plaintiff devoted his Response [Doc. # 19] to refuting Hilti's arguments regarding Plaintiff's claims under the ADA.  Plaintiff thus is deemed to have abandoned his TCHRA claims.

and TCHRA Claims [Doc. # 18] is **granted in part and denied in part**. According, it is hereby

**ORDERED** that Defendant's Motion to Dismiss Plaintiff's ADA and TCHRA Claims [Doc. # 18] is **DENIED** as to Plaintiff's claims under the ADA and **GRANTED** with regard to Plaintiff's claims under the TCHRA, which are hereby **DISMISSED with prejudice**.

SIGNED at Houston, Texas, this 16th day of **November, 2016**.

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE